**Frank Andre WARE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Nos. 93–1172–CIV–T–17,
93–1173–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 19, 1993.

Ellen S. Carmody, Anthony P. Gauthier, Thomas Patrick Howard, Law, Weathers & Richardson, Grand Rapids, MI, for Frank Andrew Ware in No. 93–1173–CIV–T–17.

Whitney L. Schmidt, U.S. Atty.'s Office, M.D.Fla., Tampa, FL, for the U.S. in No. 93–1173–CIV–T–17.

John S. McAvoy, Law Office of John S. McAvoy, Clearwater, FL, Anthony P. Gauthier, Thomas Patrick Howard, Law, Weathers & Richardson, Grand Rapids, MI, for Frank Andrew Ware in No. 93–1172–CIV–T–17.

Frank Andrew Ware, pro se.

Ruth Ann Ernst, U.S. Atty.'s Office, Grand Rapids, MI, for Cliff Hedges in No. 93–1172–CIV–T–17.

Whitney L. Schmidt, U.S. Atty.'s Office, M.D.Fla., Tampa, FL, Ruth Ann Ernst, U.S. Atty.'s Office, Grand Rapids, MI, for the U.S. in No. 93–1172–CIV–T–17.

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's motion for leave to amend his complaint (Docket No. 75) and memorandum of law in support (Docket No. 76), filed September 20, 1993. Defendant filed its response thereto or, in the alternative, motion to strike Plaintiff's motion, with incorporated memorandum of law on October 7, 1993.

The background to this case has been set forth by the Court, in detail, in the Order on Defendant's Motion to Dismiss, filed the instant date, but the following facts are significant to deciding the subject motions:

Plaintiff filed a cause of action against the United States of America, pursuant to the Federal Tort Claims Act (FTCA), for its failure to provide him with important information regarding fingerprint test results that could have exculpated him from charges against him and subsequent imprisonment

for possession of and intent to distribute cocaine. More specifically, Plaintiff alleged claims of negligence, defamation, malicious continuation of prosecution and false imprisonment. Defendant filed a Motion to Dismiss Plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim. This Court granted Defendant's motion as to Plaintiff's claims of negligence and defamation. With regard to the claims of malicious continuation of prosecution and false imprisonment, Defendant's motion was denied with respect to Plaintiff's claims against federal investigative or law enforcement officers. The FTCA provides a limited exception to immunity for such officers.

Now, by way of the subject motion, Plaintiff seeks leave to add to his complaint, pursuant to Federal Rule of Civil Procedure 15(a), claims based on *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and 42 U.S.C. § 1985(3). Specifically, Plaintiff wishes to allege claims of conspiracy and deprivation of constitutional rights with regard to the government's withholding of the important fingerprint information.

Apparently, these claims were dismissed by Judge Enslen of the Western District of Michigan for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Venue is now proper for these claims in the Middle District of Florida pursuant to 28 U.S.C. § 1391.

Plaintiff's counsel has certified that he diligently attempted to confer with Defendant's counsel on the subject of the motion for leave to amend, but could not reach him. Plaintiff's counsel further asserts that he went ahead and filed this motion in order to avoid prejudicing his client. Defendant disputes the Plaintiff's efforts to confer with him on this matter and has provided an affidavit in support of this contention.

I

■ Defendant argues that as a threshold matter, it must be noted that Plaintiff's motion for leave to amend is defective for failure to comply with Local Rule 3.01(g), which provides that a moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion, a statement certifying that counsel have conferred and cannot agree on a resolution of the motion. Defendant asserts that Plaintiff's Rule 3.01 certificate is misleading because Plaintiff did not make a good faith effort to confer with him regarding the motion and that the certificate is facially defective for lack of compliance. This Court finds that while it may be true that Plaintiff did not strictly comply with the requirements of Rule 3.01, it would be improper to strike the motion for leave to amend on this basis. It is evident from the arguments set forth in the motions now before the Court that no resolution of this matter would have come about had counsel conferred prior to the filing of Plaintiff's motion.

II

■ Defendant argues, in the alternative, that Plaintiff's motion for leave to amend under Rule 15(a) should be denied because he is seeking the addition of a new party defendant, FBI Special Agent Cliff Hedges, and that the addition of a party defendant is governed by Rule 21. This Court disagrees with the notion that Plaintiff is requesting to add a new party to the lawsuit, because Plaintiff's present cause of action includes claims against the United States of America. Any claims directed against Special Agent Hedges are directed at him in his capacity as an employee of the United States of America.

III

Defendant further asserts, as it has done in its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, that "this Court lacks jurisdiction over any of Plaintiff's claims in this case and accordingly there is no proper party available to amend the complaint or add a party defendant." This Court disagrees with this assertion for the reasons set forth in detail in the Order on Defendant's Motion to Dismiss, wherein this Court found that it would be improper to dismiss Plaintiff's claims under the Federal Tort Claims Act for malicious continuation of

prosecution and false imprisonment with regard to Special Agent Hedges because he is a "federal investigative or law enforcement officer." Such officers fall within the limited exceptions to sovereign immunity under the Act. Therefore, these two claims are still before the Court and there is still a case to which this Plaintiff can add the *Bivens* and 42 U.S.C. § 1985 claims.

Accordingly it is,

**ORDERED** that Plaintiff's motion for leave to amend his complaint be **granted** and the motion to strike be **denied.**

**DONE AND ORDERED.**